IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:25-CR-36-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CONSENT PRELIMINARY** |
| | : | **ORDER OF FORFEITURE** |
| RHONDA CARR SAULSBURY | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Count One of the Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. § 641 (Count One);

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture; stipulates and agrees that he/she personally obtained at least $244,785.00 in proceeds from the offense, and further agrees that he/she made the proceeds unavailable as a result of his/her acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p); stipulates and agrees that each item of property constitutes or is derived from proceeds traceable to the offense(s) to which he/she pleaded guilty, and is thereby subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

AND WHEREAS, the defendant stipulates and agrees that the defendant individually, or in combination with one or more co-defendants, has or had an

1

Case 4:25-cr-00036-M    Document 6    Filed 09/08/25    Page 1 of 5

ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1), 32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; and that the forfeitability of any particular property identified herein shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

NOW, THEREFORE, based upon the Memorandum of Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court

FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 981(a)(1)(C):

   Forfeiture Money Judgment:

   a) A sum of money in the amount of $244,785.00, representing the gross proceeds personally obtained by the defendant as a result of the offense(s) for which he/she has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

   General Forfeiture Order:

   b) Any other property, not identified above, that constitutes or is derived from proceeds traceable to the offense(s) of conviction in Count One (18 U.S.C. § 641).

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced

property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

3. To the extent this Order constitutes a personal forfeiture money judgment against the defendant, in accordance with Fed. R. Crim. P. 32.2(b)(6)(A), the United States is not required to send or publish notice of the same, as there is no specific property to be forfeited. However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any subsequently forfeited assets shall be credited toward satisfaction of the judgment upon liquidation.

4. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e), when additional specific or substitute property is identified.

SO ORDERED, this the ____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

W. ELLIS BOYLE
United States Attorney

BY: *(signed)* Scott Lemmon
SCOTT A. LEMMON
Assistant United States Attorney
Criminal Division

*(signed)* Rhonda Carr Saulsbury
RHONDA CARR SAULSBURY
Defendant

*(signed)*
JAMES R. SAUNDERS
Attorney for the Defendant

5